IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

2019 APR 22 PM 1:28

| | |
|---|---|
| REGINALD M. YOUNGER, | ) |
| Plaintiff, | ) JURY DEMAND |
| | ) CASE NO. ___ D.C. |
| vs. | ) 19C977 |
| KIBREAB KIDANE OKBAHHANES, TEDDY'S TRUCKING, LLC, and M AND K LOGISTIC, LLC, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Reginald M. Younger, through undersigned counsel, who brings this action against the Defendants, as hereinafter described and represents as follows:

1. Plaintiff, Reginald Younger, is a resident of Virginia and has an address of 1892 Wirtz Road, Wirtz, VA 24184.

2. Defendant, Kibreab Kidane Okbahhanes (hereinafter "Kibreab"), resides at 5124 McAlpine Glen Drive, Apartment 8, Charlotte, North Carolina 28277, is a citizen and resident of North Carolina, subject to the jurisdiction of this Court, and may be served through the Tennessee Secretary of State per Tennessee per TCA 20-2-203.

3. Defendant, Teddy's Trucking, LLC (hereinafter "Teddy's Trucking") is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration (USDOT Number 2402466/MC-826371), located at 1009 Dataw Lane, Indian Trail, North Carolina, 28079, which conducts business

in the State of Tennessee, including but not limited to, transporting commerce in and through the State of Tennessee on a regular and continuing basis, and may be served process by serving its BOC-3 agent for service of process: Sharon Lee Seals, 1726 Carroll Road, Morristown, TN 37813.

4. Defendant, M AND K Logistic, LLC, (hereinafter "M & K") was a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration (US DOT 2562763/MC00894417), but currently lacks any authority to operate as a regulated entity per 49 U.S.C. 13901(a), and has a principal place of business located at 8114 Woodbury Oak Circle Unit 1318, Matthews, NC 28105, which conducts business in the State of Tennessee, is subject to the jurisdiction of this Court, and may be served process by serving its BOC-3 agent for service of process: Vivian G. Mitchell, 4813 North Broadway, Knoxville, TN 37918.

5. Venue is proper in this court per TCA 20-2-203(d).

6. The Court has the jurisdiction of the parties and cause hereto, pursuant to the provisions of T.C.A. §§ 20-2-201, 20-2-203 and 20-2-214.

7. At all times relevant to this civil action, Defendant Kibreab was an agent, servant, and/or employee of M & K and Teddy's Trucking, and was acting in the course and scope of his statutory employment and/or agency; therefore, any negligence on the part of Defendant Kibreab and/or any negligent acts committed by him, may be attributed to his joint employers, pursuant to the doctrine of agency/master-servant/joint-employee/borrowed servant/negligent respondeat superior, and other applicable law, for which M & K and Teddy's Trucking are vicariously liable for such negligence and/or acts of negligence.

8. The motor vehicle wreck described herein occurred on September 23, 2017, at approximately 12:00 p.m. on Interstate 40 near mile marker 357 in Roane County, Tennessee.

9. At the aforementioned time and place, Plaintiff was driving his vehicle east on I-40.

10. At the aforementioned time and place, Defendant Kibreab was driving a tractor trailer east on I-40, and traveling behind the Plaintiff's vehicle.

11. At the aforementioned time and place, Defendant Kibreab was following too closely and ran into the back of Plaintiff's vehicle, causing the injuries and losses complained of herein.

12. At all relevant times, Defendant Kibreab was acting in the course and scope of his employment with M & K and/or Teddy's Trucking.

13. Plaintiff was injured as a direct result of the following negligent acts, omissions and conduct on the part of the Defendants:

    a. Failure to exercise due care: T.C.A. §55-8-136;

    b. Required obedience to traffic laws: TCA 55-8-103;

    c. Following too closely: TCA 55-8-124;

    d. Inattentive driving;

    e. Being negligent under the circumstances and conditions then existing;

    f. Negligence *per se* due to statutory violation(s);

    g. Negligence *per se* due to violations of the regulations promulgated by the Federal Motor Carrier Safety Administration; and,

h. Such other acts of negligence which will be shown at the trial of this matter and which are copied herein *in extenso*.

14. Defendant was charged criminally for his conduct in causing the wreck.

15. Defendant pleaded guilty to failure to exercise due care.

16. This cause of action is timely per TCA 28-3-104(a)(2).

17. The wreck occurred as a direct and proximate result of the acts, omissions and conduct on the part of Defendants M & K and Teddy's Trucking, including but not limited to: Negligence in hiring and/or contracting and/or retaining Defendant Kibreab; and Failure to Comply with the Federal Motor Carrier Safety Regulations (FMCSR) and applicable laws governing the operation of commercial trucks.

18. As a direct and proximate result of the negligence of the Defendants, Plaintiff has suffered and will continue to suffer painful bodily injuries, disfigurement, emotional anguish and distress, medical bills, and incidental damages. Plaintiff is entitled to recover all reasonable and necessary medical expenses incurred and which he may incur in the future as a result of this collision. Plaintiff is also entitled to recover for past, present, and future physical and emotional pain and suffering, loss of enjoyment of life, loss of earnings and capacity, and all incidental damages caused by Defendants' actions.

19. For all of the foregoing injuries and damages, Plaintiff is entitled to have and recover of the Defendants a reasonable sum of compensation, to be determined by a jury, not to exceed $72,500.00, plus the costs of this cause.

20. To the extent one or more of the Defendants are found to have acted maliciously,

intentionally, fraudulently or recklessly, Plaintiff is further entitled to have and recover of Defendants the additional sum of punitive damages as determined by the trier of fact.

WHEREFORE, PLAINTIFF PRAYS:

(a) That Plaintiff have judgment against Defendants in an amount to be determined by a jury at trial, not to exceed $72,500.00, plus costs and punitive damages;

(b) That a jury be empanelled to try the issues when joined; and

(c) Such other and further relief as may be just, equitable and proper.

THE HAMILTON FIRM

*[signature]*

Hubert E. Hamilton, BPR No. 12530
2401 Broad Street, Suite 102
Chattanooga, Tennessee 37408
Phone: 423/ 634.0871
Fax: 423/ 634.0874

THE HAMILTON FIRM

*[signature]*

Patrick A. Cruise, BPR No. 024099
2401 Broad Street, Suite 102
Chattanooga, Tennessee 37408
Phone: 423/ 634.0871
Fax: 423/ 634.0874